# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    NO. 3:20-CR-269 |
| v. | : |
| | :    JUDGE ROBERT D. MARIANI |
| THOMAS HARTLEY | : |
| | :    ELECTRONICALLY FILED |

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>MOTION TO DISMISS INDICTMENT</u>

                                                   Patrick A. Casey
                                                   Suzanne P. Conaboy
                                                   Myers, Brier & Kelly, LLP
                                                   425 Spruce Street, Suite 200

                                                   Attorneys for Defendant.
                                                 Thomas Hartley

Dated: May 28, 2021

# INTRODUCTION

The government charged Defendant Major Thomas Hartley ("Maj. Hartley") with five criminal offenses relating to the completion and submission of Department of Army Forms 5960 which relate to claims for payment of Basic Allowance for Quarters ("BAQ")[1] funds. The government alleges in the Indictment against Maj. Hartley that the factual predicate for each of the five offenses was Maj. Hartley's allegedly false statement of the address of his dependents, his wife and daughter, on forms relating to BAQ. However, Maj. Hartley is a member of the National Guard, and so, is considered a Reserve Component service member, rather than an Active Duty service member. BAQ payments for Reserve Component service members are not determined by the residence of the service member's dependents. Thus, even assuming that the address Maj. Hartley designated for his dependents was false, such statement would be immaterial to the calculation of his BAQ payments and therefore, cannot constitute a criminal offense relating to any alleged overpayment of BAQ funds. The Indictment is therefore insufficient to state a criminal offense and must be dismissed in its entirety.

---

[1] The term Basic Allowance for Quarters ("BAQ") is commonly referred to as Basic Allowance for Housing ("BAH"). The terms are used interchangeably herein.

1

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

During Operation Desert Storm, on May 3, 1991, at age 17, Maj. Hartley enlisted in the New Jersey Army National Guard as a Private. He served in the 50th Finance Support Unit, subsequently reorganized to the 50th Finance Battalion.

Maj. Hartley rose from Private to Sergeant First Class during his 12-years of enlisted service. During that time he served the 50th Finance Battalion and subordinate units in New Jersey. In 2001 he deployed to Bosnia and Herzegovina with the NATO-led Operation Joint Forge Stabilization Force.

Maj. Hartley put himself through college and earned a Bachelor of Science degree in accounting from Kean University in 2001, graduating Summa Cum Laude.

In 2003 then Sergeant First Class Hartley distinguished himself to receive a direct commission as a Second Lieutenant in the New Jersey Army National Guard. In the same year he received a Master of Science in accounting from Kean University. Shortly thereafter he was licensed as a Certified Public Accountant in the Commonwealth of Pennsylvania. Maj. Hartley is currently pursing doctoral studies.

In 2003 Maj. Hartley was promoted to Second Lieutenant, in 2005 to First Lieutenant, in 2008 to Captain and in 2017 to Major.

Maj. Hartley served in response to numerous domestic operations including riots and disaster related weather events throughout his career. In 2017, he deployed to Puerto Rico for several months to perform as J8 – Finance/Resource Manager in support of the humanitarian disaster related to Hurricane's Irma and Maria, reporting directly to the dual-status commander and general officer.

Maj. Hartley was deployed to Kosovo in 2019 in support of Operation Joint Guardian where he served as Military Assistant to the Kosovo Forces Chief of Staff, a general officer, until 2020.

Upon his return to the United States in 2020, Maj. Hartley was assigned to the New Jersey National Guard's Domestic Joint Operations Center where he provided direct support to the COVID-19 pandemic disaster relief military operations as J8 – Joint Financial and Resource Management Liaison Officer.

Maj. Hartley has been awarded over fifty-six medals and commendations for his service.

In addition to serving as a military Officer, Maj. Hartley has served for sixteen years as a Special Agent for the U.S. Department of Labor, Office of Inspector General, Office of Racketeering & Fraud Investigations. He has received the following commendations for his law enforcement service: Commendation for Investigative Excellence, U.S. Attorney's Office, District of N.J., 02/2013;

3

Secretary of Labor's Honor Award for Valor, 05/2009; DOL-OIG Witness Protection Operations Team Award, 05/2008.

As a result of the criminal charges described herein, Maj. Hartley is currently suspended without pay from his position with U.S. Department of Labor, pending the outcome of this matter.

On October 20, 2020, the government filed an Indictment charging Maj. Hartley with violations of 18 U.S.C. § 641 – Theft of Government Funds; 18 U.S.C. § 287 – False, Fictitious and Fraudulent Claims; and three (3) counts of 18 U.S.C. § 1001(a)(3) – False Statements. On April 5, 2021, this Court entered an Order requiring that pre-trial motions are due on or before May 31, 2021. (ECF 11.)

## **ARGUMENT**

An indictment may only "call for trial of the charge on the merits" if it is "valid on its face." *United States v. Vitillo*, 490 F.3d 314, 320 (3d Cir. 2007) (quoting *Costello v. United States*, 350 U.S. 359, 363 (1956)). An indictment is facially sufficient if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution."

*Vitillo*, 490 F.3d at 321.  There must be specific factual orientation to permit a defendant to prepare his defense and invoke double jeopardy.  *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007).

Pursuant to Fed. R. Crim. P. 12(b)(3)(B), a district court may review the sufficiency of the government's pleadings to "ensur[e] that legally deficient charges do not go to a jury."  *United States v. Bergrin*, 650 F.3d 257, 268 (3d Cir. 2011).  Where the specific facts alleged "fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation," the indictment fails to state an offense.  *United States v. Huet*, 665 F.3d 588, 597 (3d Cir. 2012) (citation omitted).  Thus, a district court may grant a motion to dismiss an indictment, or any portion thereof, if the indictment's allegations do not suffice to charge an offense.  *United States v. Schiff*, 602 F.3d 152, 161 (3d Cir. 2010) (citation omitted); *Bergrin*, 650 F.3d at 268.

Here, the allegations in the Indictment are insufficient to establish that Major Hartley committed any of the charged offenses.  In order to understand the deficiencies in the Indictment, it is necessary to understand (1) how BAQ/BAH payments are determined for Reserve Component service members, such as Major Hartley, and (2) the DA Form 5960 which relates to claims for BAQ/BAH payments.  A review of the relevant Department of Defense Financial Management Regulations, which set forth the bases for determining BAQ/BAH payments and a

corresponding review of the DA Form 5960 reveal that the government has not and cannot charge Major Hartley with crimes relating to the submission of DA Forms 5960 in conjunction with claims for BAQ/BAH payments.

### A. Calculation of BAQ Payments for Reserve Component Members

The BAH program provides fair housing allowances to service members when government quarters are not available. *See* A Primer on the Basic Allowance for Housing (BAH) for the Uniformed Services, Office of the Under Secretary of Defense, Personnel and Readiness, Office of Military Compensation Policy at 1, available at https://www.defensetravel.dod.mil/Docs/perdiem/BAH-Primer.pdf.

Generally, for Active Duty members stationed within the continental United States, the BAH rate is determined by the member's duty station. As a Department of Defense website explains, "A member with permanent duty within the 50 United States, who is not furnished government housing, is eligible for Basic Allowance for Housing (BAH), based on the member's dependency status *at the permanent duty ZIP Code*."[2] *See* Military Compensation, Different Types of BAH, Department of Defense, available at

---

[2] Reference to a member's dependency status means whether the member has or does not have any dependents. Members without dependents receive a different BAH rate than members with dependents. *See* Military Compensation, Different Types of BAH, Department of Defense, available at https://militarypay.defense.gov/pay/allowances/bah_types.aspx.

https://militarypay.defense.gov/pay/allowances/bah_types.aspx (emphasis added).

In limited circumstances, BAH payments for Active Duty members are based upon the residence of the member's dependents. *See* DOD FMR Vol. 7A, Ch. 26, § 261002(B)(2)(b) (BAH based on dependent's residence where an Active Duty member is deployed outside of the continental United States unaccompanied by dependents); DOD FMR Vol. 7A, Ch. 26, § 261002(B)(6) (where Secretary determines other circumstances require dependent to reside separately from Active Duty member and authorizes or approves BAH based on either dependent's residence or the service member's primary duty station).

However, BAH payments for Reserve Component members are calculated differently pursuant to the Department of Defense Financial Management Regulations ("DOD FMR"). Section 261005 of the DOD FMR Volume 7A, Chapter 26 provides that a member of the Reserve Component called to active duty for 31 or more days is entitled to BAH "based on the *primary residence* at the time called or ordered" to active duty. DOD FMR Vol. 7a, Ch. 26, § 261005(A)(2) (emphasis added).[3] "Primary Residence for Reserve Component Member" is

---

[3] There are limited exceptions to the general rule that a Reserve Component member's BAH payments are based upon the member's primary residence. None of the exceptions are applicable here. *See* DOD FMR Vol. 7a, Ch. 26, § 261005(A)(3) (BAH for Reserve Component member based on primary duty station where member is called to active duty training for more than 140 days or other than training for 181 or more days and authorized to transport household goods); DOD FMR Vol. 7a, Ch. 26, § 261005(B) (Reserve Component member

7

specifically defined in the DOD FMR as "the dwelling (e.g., house, townhouse, apartment, condominium, mobile home, houseboat, vessel) where the RC member resides before being ordered to [Active Duty]." DOD FMV Vol. 7a, Ch. 26 § 260201(F).

### B. DA Form 5960

The DA Form 5960 is entitled "Authorization to Start, Stop, or Change Basic Allowance for Quarters (BAQ), and/or Variable Housing Allowance (VHA)." A blank DA Form 5960 is attached hereto as Exhibit "A." The stated "principle purpose" of the DA Form 5960 is "[t]o start, adjust or terminate military member's entitlement to basic allowance for quarters (BAQ) and/or variable housing allowance." *See id.*

The DA Form 5960, dated September 1990, appears to have been drafted with Active Duty service members in mind. The information sought is relevant to the determination of BAH payments for Active Duty soldiers. For example, Field Number 5 of the form asks for the service member's duty location. As noted

---

called to active duty in support of contingency operation and receives a permanent change of station and is authorized to transport household goods receives BAH based on primary duty station); DOD FMR Vol. 7a, Ch. 26, § 261005(C) (Active Guard Reserves, or full-time reserve component members, receive BAH based on primary duty station).

8

above, BAH payments for Active Duty service members are generally based upon the service member's duty location.

Field Number 10 asks for the names and current addresses of the service member's dependents. Again, this information is relevant for the determination of BAH payments for certain Active Duty service members deployed outside of the continental United States. *See, e.g.*, DOD FMR Vol. 7A, Ch. 26, § 261002(B)(2)(b).

However, DA Form 5960 does <u>not</u> include a field for a service member's "primary residence," notwithstanding the fact that pursuant to the DOD FMR, a Reserve Component member's BAH is almost always based upon the service member's primary residence. There is no field in the DA Form 5960 where a Reserve Component member is asked to provide that information.

### C. The Allegations in the Indictment are Insufficient to Charge an Offense.

Through the Indictment, filed on October 20, 2020, the government charged Hartley with three offenses: theft of government funds in violation of 18 U.S.C. § 641; false, fictitious and fraudulent claims in violation of 18 U.S.C. § 287; and three counts of making false statements in violation of 18 U.S.C. § 1001(a)(3). In support of each of these charges, the government alleged that the predicate act giving rise to each criminal offense was Maj. Hartley's allegedly false claim on the

DA Form 5960 that his dependents resided in an address which was different than the address where they actually resided. However, as discussed above, there were no circumstances where Maj. Hartley's BAH payments should have been calculated based upon the address listed for his dependents. Accordingly, Maj. Hartley's designation of the address of his dependents on the DA Form 5960, even if incorrect, cannot constitute a crime and the charges against him must be dismissed.

### 1. The Indictment fails to charge a violation of 18 U.S.C. § 641, Theft of Government Services, in Count I.

Count I charges Maj. Hartley with a violation of 18 U.S.C. § 641, Theft of Government Services. "Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted . . ." commits a violation of 18 U.S.C. § 641.

The Indictment alleges that Maj. Hartley "did knowingly and willfully steal, purloin and convert . . . approximately $23,582 in Basic Allowance for Quarters

(BAQ) funds . . . by *falsely claiming on multiple DA Forms 5960*, submitted to the Department of the Army, *that his dependents resided in Shrewsbury, New Jersey*, when in fact, as the defendant well knew, his dependents resided in Henryville, Pennsylvania." (Emphasis added.) Thus, the predicate act giving rise to the charge of a violation of 18 U.S.C. § 641 was Maj. Hartley's purportedly false claim on multiple DA Forms 5960 which he submitted to the Department of the Army that his dependents resided at an address which was different from the address where they were actually residing.

However, because the payment of BAH for a Reserve Component member such as Maj. Hartley is based upon the member's primary residence, and never based upon the residence of his dependents, he could not have knowingly and willfully stolen, purloined or converted BAH funds by falsely claiming that his dependents resided somewhere other than where they actually resided. The address of his dependents has no bearing on the calculation of his BAH payments. Accordingly, the allegations in Count I are insufficient to charge a violation of 18 U.S.C. § 641 and must be dismissed. *See Schiff*, 602 F.3d at 161.

### 2. The Indictment fails to charge a violation of 18 U.S.C. § 287, False, Fictitious and Fraudulent Claims, in Count II.

Count II of the Indictment charges Maj. Hartley with a violation of 18 U.S.C. § 287, False Fictitious and Fraudulent Claims. A person who "makes or

11

presents to any person or officer in the civil, military, or naval service of the United States, or to any department or agency thereof, any claim upon or against the United States, or any department or agency thereof, knowing such claim to be false, fictitious, or fraudulent . . ." commits a violation of 18 U.S.C. § 287.

The Indictment alleges that Maj. Hartley violated 18 U.S.C. § 287 "in that [Maj. Hartley] submitted to the Department of the Army DA Forms 5960 in which he *falsely claimed that his dependents resided in Shrewsbury, New Jersey*, when in fact, as the defendant well knew, his dependents resided in Henryville, Pennsylvania." (Emphasis added.) Thus, the act giving rise to the charge of a violation of 18 U.S.C. § 287 was Maj. Hartley's submission of a false claim by indicating on multiple DA Forms 5960 which he submitted to the Department of the Army that his dependents resided at an address which was different from the address where they were actually residing.

Because Maj. Hartley's BAH payment would never be based upon the residence of his dependents, he did not make or present a claim against the United States knowing such claim to be false, fictitious or fraudulent. Rather, Maj. Hartley's military Orders during the relevant period of time establish that he was properly entitled to BAH payments. The payments, however, should have been determined based upon his primary residence. *See* DOD FMR Vol. 7a, Ch. 26, § 261005(A)(2). Maj. Hartley could not have made or presented a false claim for

12

BAH payments by presenting a DA Form 5960 because the Form 5960 does not include a section for a service member to designate his or her primary residence. Even if the address that Maj. Hartley designated as the address for his dependents was not accurate, such statement is not relevant to a claim made to the United States for BAH payments because as a Reserve Component member, Maj. Hartley's BAH payments would never be determined by his dependents' residence. Accordingly, the allegations in the Indictment in Count II are insufficient to charge a violation of 18 U.S.C. § 287 and must be dismissed. *See Schiff*, 602 F.3d at 161.

### 3. The Indictment fails to charge a violation of 18 U.S.C. § 1001(a)(3), False Statements, in Count III-V.

Counts III through V of the Indictment charge Maj. Hartley with violations of 18 U.S.C. § 1001(a)(3), False Statements. A person who "knowingly and willfully --- . . . . makes or uses any false writing or document knowing the same to contain any *materially* false, fictitious, or fraudulent statement or entry" commits a violation of 18 U.S.C. § 1001(a)(3). 18 U.S.C. § 1001(a)(3) (emphasis added).

Again, the government alleges in Counts III-V of the Indictment that Maj. Hartley violated 18 U.S.C. § 1001(a)(3) by submitting DA Forms 5960 on August 21, 2018, January 1, 2019, and June 1, 2020 to the Department of the Army in which he "*falsely claimed that his dependents resided in Shrewsbury, New Jersey*." (Emphasis added.)

In order to commit a violation of 18 U.S.C. § 1001(a)(3), the false fact or statement made by a defendant must be *material*. *See* 18 U.S.C. § 1001(a)(3). Because Maj. Hartley's BAH payment would never be based upon the residence of his dependents, even assuming the statements on the DA Forms 5960 regarding the address of his dependents were false, they are immaterial to the determination of his BAH payments. Accordingly, the allegations in the Indictment in Counts III-V are insufficient to charge a violation of 18 U.S.C. § 1001(a)(3) and must be dismissed. *See Schiff*, 602 F.3d at 161.

## CONCLUSION

For the reasons set forth herein, Defendant Major Thomas Hartley respectfully requests that this Honorable Court dismiss the Indictment in its entirety.

                                              Respectfully submitted,

                                              /s/ Patrick A. Casey
                                              Patrick A. Casey
                                              Suzanne P. Conaboy

                                              Attorneys for Defendant,
                                              Thomas Hartley

Myers, Brier & Kelly, LLP
425 Spruce Street, Suite 200
Scranton, PA 18503
(570) 342-6100

Date: May 28, 2021

## **CERTIFICATE OF SERVICE**

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Motion To Dismiss was served upon the following counsel of record via the Court's ECF filing system on this 28th day of May 2021:

>Robert J. O'Hara, Esquire
>U.S. Attorney's Office
>William J. Nealon Federal Building
>235 North Washington Avenue
>Scranton, PA  18503

>/s/ Patrick A. Casey
>Patrick A. Casey