THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : 3:20-CR-269 |
| v. | : (JUDGE MARIANI) |
| | : |
| THOMAS HARTLEY, | : |
| | : |
| Defendant. | : |

MEMORANDUM OPINION

I. INTRODUCTION

Presently before the Court is Defendant Thomas Hartley's "Motion to Sever Counts I-IV, V-X and XI-XIII" (Doc. 98). Defendant was charged in a thirteen-count Superseding Indictment (Doc. 90) with one count of theft of government funds in violation of 18 U.S.C. § 641 (Count 1) and three counts of false statements in violation of 18 U.S.C. § 1001(a)(3) (Counts 2-4) in connection with Defendant's alleged submission of Department of the Army Forms 5960; four counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 5-8), one count of mail fraud in violation of 18 U.S.C. § 1341 (Count 9), and one count of theft of government funds in violation of 18 U.S.C. § 641 (Count 10) in connection with Defendant's alleged submission of unemployment benefits claims; and one count of wire fraud in violation of 18 U.S.C. § 1343 (Count 11), one count of mail fraud in violation of 18 U.S.C. § 1341 (Count 12), and one count of false statements in violation of 18 U.S.C. § 1001(a)(3) (Count 13) in connection with Defendant's alleged withdrawal of funds from his Thrift Savings Plan. (*See generally* Doc. 90).

On April 1, 2022, Defendant appeared before Magistrate Judge Mehalchick and entered a plea of not guilty to the Superseding Indictment. (Doc. 100). Defendant thereafter filed the present Motion to Sever (Doc. 98) with an accompanying brief (Doc. 99). The Government filed a Brief in Opposition to Defendant's Motion to Sever (Doc. 106).

The present Motion seeks to sever Counts I-IV, which were included in the original Indictment (Doc. 11) from Counts V-X and XI-XIII for purposes of trial. (Doc. 99 at 1-2). For the reasons discussed herein, the Court will deny Defendant's Motion to Sever.

## II. ANALYSIS

In Defendant's Motion, he requests that the Court sever Counts I-IV from Counts V-X and XI-XIII for purposes of trial. (Doc. 99 at 1-2). In support of his Motion, Defendant argues that "joinder of these counts is improper pursuant to Federal Rule of Criminal Procedure 8(a) because the alleged conduct underlying each discrete scheme does not share a 'transactional nexus'" and "[e]ven if Counts I-IV, V-X, and XI-XIII are properly joined, discretionary severance pursuant to Federal Rule of Civil Procedure 14(a) is thus appropriate to limit the prejudice inflicted upon Maj. Hartley." (Doc. 99 at 1).

### a. Severance Pursuant to FRCP 8(a)

Federal Rules of Criminal Procedure 8 and 14 "are designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." *Bruton v. United States*, 391 U.S. 123, 131 n.6 (1968).

Pursuant to Federal Rule of Criminal Procedure 8(a), which governs the joinder of offenses in a federal criminal action:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).[1] "The joinder of [a] defendant's offenses is consistent with the purpose of Fed. R. Crim. P. 8 to promote economy of judicial and prosecutorial resources." *United States v. Gorecki*, 813 F.2d 40, 42 (3d Cir. 1987) (citing *United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980)). "Joinder of charges is the rule rather than the exception and Rule 8 is construed liberally in favor of initial joinder." *United States v. Brown*, 2002 WL 32739530, at *3 (M.D. Pa. 2002) (quoting *United States v. Bullock*, 71 F.3d 171, 174 (5th Cir. 1995)). The party challenging joinder bears the burden of persuasion. *United States v. Avila*, 610 F.Supp.2d 391, 394-95 (M.D. Pa. 2009) (citing *Brown*, 2002 WL 32739530, at

---

[1] Federal Rule of Criminal Procedure 8(b), not directly at issue here, governs joinder of defendants. Rule 8(a) and 8(b) are similar in operation:

> The standards of Rule 8(a) and (b) joinder are nearly the same. Both permit joinder of offenses and defendants, respectively, when a transactional nexus exists between the offenses or defendants to be joined. Only Rule 8(a), however, permits joinder on an additional theory, that is when offenses "are of the same or similar character"[.]
> . . . .
>
> Theoretically, then, Rule 8(a) provides wider latitude for joinder than does Rule 8(b). Nonetheless, in many cases the focus of joinder of offenses or defendants will be the same: do the offenses or defendants to be joined arise out of a common series of acts or transactions.

*United States v. Eufrasio*, 935 F.2d 553, 570 n. 20 (3d Cir. 1991) (quoting Fed. R. Crim P. 8).

\*3). "Additionally, a defendant claiming an improper joinder under Fed. R. Crim. P. 8(a) must prove actual prejudice from the misjoinder." *Gorecki*, 813 F.2d at 42 (citing *United States v. Lane*, 474 U.S. 438 (1986)).

Courts have interpreted Rule 8(a) as allowing joinder of offenses when there is a "'transactional nexus' between the items . . . being joined." *United States v. McGill*, 964 F.2d 222, 241 (3d Cir. 1992) (quoting *United States v. Eufrasio*, 935 F.2d 553, 570 n.20 (3d Cir. 1991)). This transactional nexus can be based on a physical, temporal, or logical connection between offenses, such as an interrelation of facts or evidence. *See, e.g., Gorecki*, 813 F.2d at 42 (drug and firearms offenses related in circumstance when firearm found in the same house where drugs were found, indicating the firearm could have been used as part of a plan to distribute the drugs); *McGill*, 964 F.2d at 242 (joinder of tax evasion and bribery offenses proper where defendant lawyer demanded and received cash for payment of legal services, evading payment of taxes, and also used the cash received in furtherance of the bribery scheme); *United States v. Gemelstob*, 475 F.2d 157, 160 (3d Cir. 1973) (joinder of counts was permissible where assault on FBI agent "was clearly related to" charges of conspiracy to steal goods in foreign commerce). *But see, United States v. Brown*, 2008 WL 161146, at \*5 (E.D. Pa. 2008) (joinder of one firearm offense not proper with later drug offenses allegedly committed seven months later; offenses were "completely unrelated physically *and* temporally" and the firearm offense "involve[d] an isolated incident

4

of [defendant's] actual possession [of] a single firearm in public with no evident connection to any drugs or drug crimes") (emphasis in original).

Here, Defendant argues that the Superseding Indictment charges "three distinct set of facts" that "have no factual or logical overlap." (Doc. 99 at 3-4). Defendant argues, "Counts I-IV involve the allegedly fraudulent submission of a Department of Army Form 5960 to that body and the subsequent payment of BAH funds to Maj. Hartley," while the "subsequent counts involve two distinct fraudulent schemes perpetuated on different civilian bodies, *i.e.*, Pa. Department of Labor, the federal government and his ex-wife." (*Id.* at 4). The Government, however, argues that all charges in the Superseding Indictment "relate to a single overall scheme committed by Hartley to submit documents containing false information to multiple governmental agencies and thereby obtain money for his own personal enrichment" and submits that "[t]here is substantial overlap among the charges and the charges are interrelated." (Doc. 106 at 1). The Government contends that "the charges are all of the same or similar character, and the defendant had one overall common scheme or plan – a scheme to provide false documents and false information to government agencies in order to obtain money for his own personal enrichment." (*Id.* at 5-6).

The Court looks to the factual allegations contained within Defendant's Motion and supporting Brief and the Government's Brief in Opposition to Defendant's Motion, along with the Superseding Indictment itself, in analyzing Defendant's Motion to Sever. *See McGill*, 964 F.2d at 242 ("Trial judges may look beyond the face of the indictment to determine

5

proper joinder in limited circumstances. Where representations made in pretrial documents other than the indictment clarify factual connections between the counts, reference to those documents is permitted." (citing *United States v. Serubo*, 460 F.Supp. 689, 693 (E.D. Pa. 1978), *vacated on other grounds*, 604 F.2d 807 (3d Cir. 1979)).

Defendant argues that the Superseding Indictment charges three separate "schemes" that have "no factual or logical overlap" and "lack[] a 'transactional nexus'" (Doc. 99 at 6), but Defendant fails to explain how or why these "schemes" are not "of the same or similar character" or are not "connected with or constitute parts of a common scheme or plan." Fed. R. Civ. P. 8(a). Defendant's Motion rests on conclusory arguments regarding the nature of the charged offenses and ignores the clear similarities among the charged conduct. As summarized by the Government,

> Hartley submitted false documents or false information – all within similar time frames – to three separate government agencies, including the Department of the Army, the Pennsylvania Department of Labor and the Thrift Savings Plan. Although the charges involve different governmental agencies, at their essence all allege that Hartley engaged in fraud for his own personal enrichment. Moreover, he appears to have deposited all of his ill-gotten gains into the same bank account – an account solely in his name.

(Doc. 106 at 10). Defendant's alleged fraudulent schemes against government agencies all took place between August 2018 and September 2021 – at one point, Defendant allegedly defrauded and received money from all three government agencies at once. (*See generally* Doc. 90; *see also* Doc. 99 at 2-5; 10-11).

Pursuant to Rule 8, "counts are similar if they are 'somewhat alike' or share 'a general likeness,' or otherwise have a sufficient logical connection and can be tried using the same evidence." *United States v. Heilman*, 377 F. App'x 157, 202 (3d Cir. 2010) (citations omitted). Additionally, "offenses may be joined if they occurred within a relatively short period of time of each other and the evidence of each overlaps." *Id.* (citing *United States v. Donaldson*, 978 F.2d 381, 391 (7th Cir. 1992)). Here, all counts in the Superseding Indictment "are 'somewhat alike'" and "share 'a general likeness'" because at their core, they all relate to fraud against the government for Defendant's alleged personal economic gain during a "relatively short period of time." *See United States v. Fattah*, 858 U.S. 801, 819 (3d Cir. 2017) (holding that the offenses were "of a similar character" because "[e]ach involved a series of false representations about business entities owned or represented by Fattah. Those misrepresentations were calculated to either steal or avoid paying certain funds."). Furthermore, even though Defendant tries to draw very narrow and specific distinctions between the alleged schemes because each was launched against a different agency and had separate "Background" sections in the Superseding Indictment, (Doc. 99 at 4), Defendant himself refers to the charged conduct as "three fraudulent schemes," which suggests they are "somewhat alike" or "share a general likeness." *See Heilman*, 377 F. App'x at 202; *see also United States v. Askew*, 2019 WL 1531986, at *3 (M.D.Pa. April 9, 2019) (finding that joinder is proper and there is a "transactional nexus" between the charged offenses because " there is a relationship between the charges of

7

distribution of heroin and carfentanil, the distribution of heroin, fentanyl, and methamphetamine because all of the offenses are drug distribution, over a short time span, in the same geographical area, and with several overlapping witnesses.").

The charged offenses were "parts of a common scheme or plan," Fed. R. Crim. P. 8(a), because Defendant allegedly deposited his ill-gotten gains from all three alleged schemes into the same bank account and allegedly changed his personal information, such as his marital status, birthdate of his daughter, and home address, on documents submitted to different government agencies so he could maximize his monetary gain from each agency. (*See generally* Doc. 90; *see also* Doc. 106 at 11-13); *Fattah*, 858 F.3d at 819 (holding that the "charged offenses were interrelated as "parts of a common scheme or plan" because, for example, "both the fraud on the PSD and the bank had the effect of transferring ill-gotten gains to 259 strategies, which Fattah used as his personal bank account."); *United States v. Deshields*, 2021 WL 1401790, at *7 (M.D.Pa. April 14, 2021) (noting that "the law is clear that joinder does not require that offenses be identical"); *United States v. Kelley*, 2021 WL 6015502, at *3 (E.D.Pa. Feb. 16, 2021) ("The schemes defrauding the daughter of his deceased clients of her inheritance and then using those ill-gotten gains to pay off credit cards taken in the name of a stolen identity of another client are interrelated parts of a common scheme or plan.").

Defendant argues "[t]he 'schemes' underlying these counts involve distinct conduct and evidence carrying little temporal overlap," (Doc. 99 at 5-6), but fails to provide

8

substantive analysis or caselaw in support of this argument. In contrast, the Government argues that the "contradictory information" Defendant provided to the various government agencies in furtherance of his alleged schemes could be admissible as proof of his alleged wrongdoing at any trial involving the charges in the Superseding Indictment. (Doc. 106 at 11-13). The Government contends that "[p]roof of the documents Hartley submitted to the Army would be admissible to show the falsity of the documents Hartley submitted to the TSP," "[p]roof of the documents Hartley submitted to the Army would prove his knowledge of his daughter's correct birthdate and the falsity of the information Hartley sent to the PA DOL regarding his daughter's age," and, finally, "[p]roof of the documents Hartley sent to PA DOL and TSP would be admissible to show the falsity of the documents Hartley sent to the Army during the same time frame." (Doc. 106 at 11-13).

While Rule 404(b)(1) precludes "evidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," pursuant to Rule 404(b)(2), such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Although nothing in this Memorandum Opinion should be interpreted by the parties as a ruling by this Court on the admissibility of any evidence at this time, the Court notes that evidence of Defendant's alleged fraudulent scheme against the Department of the Army, for example, may be admissible under Rule 404(b)(2) or other applicable rules of evidence, in a trial on the

charges relating to Defendant's alleged fraudulent scheme against, for example, the Pennsylvania Department of Labor, for a purpose other than showing that the Defendant acted in accordance with his character or a particular character trait.

The Government argues in its Brief in Opposition to Defendant's Motions in Limine (Doc. 110) that the evidence which Defendant contends may be subject to Rule 404(b) would not be subject to Rule 404(b) because it is intrinsic to the charged offenses. (Doc. 110 at 6-10). In particular, the Government argues:

> In [*United States v. Green*, 617 F.3d 233, 245 (3d Cir. 2010)] the Court explained that the "intrinsic" label is reserved "for two narrow categories of evidence." *Id.* at 248. "First, evidence is intrinsic if it 'directly proves' the charged offense." *Id.* (citations omitted). "Second, 'uncharged acts performed contemporaneously with the charged crime may be termed intrinsic if they facilitate the commission of the charged crime.'" *Id.* at 249 (quoting *United States v. Bowie*, 232 F.3d 923, 929 (D.C. Cir. 2000)). The Court in *Green* explained that most, if not all evidence that relates to the background of the case, that shows the relationships of the players, or that "completes the story" is admissible as intrinsic evidence. *Id.*; *United States v. Fitzgerald*, 496 Fed. Appx. 175, 2012 WL 4017807 (3d Cir. 2012) (not precedential); *United States v. Hynson*, 451 Fed. Appx. 91, 2011 WL 5519618 (3d Cir. 2011) (not precedential).
>
> Here, the defendant Hartley submitted false documents or false information – all within similar time frames – to three separate government agencies, including the Department of the Army, the Pennsylvania Department of Labor and the Thrift Savings Plan. Although the charges involve different governmental agencies, at their essence all allege that Hartley engaged in fraud for his own personal enrichment. Moreover, he appears to have deposited all of his ill-gotten gains into the same bank account – an account solely in his name.
>
> Here, there is significant inter-related proof.

10

(Doc. 110 at 7-8). The Court notes that the evidence referenced by the Government in its Brief in Opposition to Defendant's Motion in Limine appears in large part to be intrinsic to the charged offenses and, thus, not subject to Rule 404.

Defendant's conclusory arguments are insufficient to meet his burden of persuasion. There is a clear temporal nexus between the thirteen counts in the Superseding Indictment as Defendant's three alleged schemes overlap with each other, and, as discussed above, the charges share a sufficient logical connection because they all involve schemes to defraud for Defendant's alleged personal monetary gain. As such, there is no basis to sever Counts I-V from Counts V-X and Counts XI-XIII under Rule 8(a). For the aforementioned reasons, Defendant's request that "this Court sever Counts I-IV, V-X, and XI-XIII and proceed to trial on April 11, 2022 for Counts I-IV" will be denied.

### b. Severance Pursuant to FRCP 14(a)

However, even if offenses are properly joined under Rule 8(a), Federal Rule of Criminal Procedure 14 permits courts to order separate trials or devise other relief if the joinder appears to prejudice a defendant.

> If the joinder of offenses or defendants in an indictment, information, or a consolidation for trial appears to prejudice a defendant or the government, the court *may* order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a) (emphasis added). When determining whether to sever counts, "[t]he trial judge is best situated to weigh possible prejudice to the defendant against interests of judicial economy." *United States v. Reicherter*, 647 F.2d 397, 400 (3d Cir. 1981). "Mere

11

allegations of prejudice are not enough; and it is not sufficient simply to establish that severance would improve the defendant's chance of acquittal. . . . Rather, [the defendant] must demonstrate clear and substantial prejudice resulting in a manifestly unfair trial." *Id.* (internal citations omitted). *See also, Brown*, 2008 WL 161146, at *4 ("To establish that severance is warranted, the defendant has the burden of demonstrating 'clear and substantial prejudice' that would result in a manifestly unfair trial") (quoting *Eufrasio*, 935 F.2d at 568). This is a "stringent requirement[]," necessitating a specific showing of how a single trial on all counts would prejudice a defendant. *Gorecki*, 813 F.2d at 43 (citations omitted). When evidence is "easily compartmentalized by the jury," or "a case is 'relatively straightforward and discrete, not involving overly technical or scientific issues,'" clear and substantial prejudice does not exist, and severance is not required. *United States v. Fumo*, 2008 WL 109667, at *2 (E.D. Pa. 2008) (citing *Reicherter*, 647 F.2d at 400, then quoting *United States v. Lore*, 430 F.3d 190, 205 (3d Cir. 2005)). Similarly, if evidence relating to one set of charges would be admissible in a separate trial on the other set of charges, severance is not required. *Gorecki*, 813 F.2d at 42-43; *Fumo*, 2008 WL 109667, at *3. Nevertheless, the lack of perfect cross-admissibility of evidence between sets of charges if separate trials were held does not mean that a single trial would be prejudicial. *See Eufrasio*, 935 F.2d at 568 (citing *United States v. Sandini*, 888 F.2d 300, 307 (3d Cir. 1989)); *Bean v. Calderon*, 163 F.3d 1073, 1085 (9th Cir. 1998) (citations omitted). Even if there is a risk of prejudice, a district court has discretion to fashion an appropriate remedy

12

short of severance, such as limiting instructions to the jury. *Zafiro v. United States*, 506 U.S. 534, 538-539 (1993) ("Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion") (citations omitted); *see also Richardson v. Marsh*, 481 U.S. 200, 211 (1987) (finding that generally "juries are presumed to follow their instructions").

Defendant argues that he would suffer "extreme prejudice" from a single trial on the charges in the Superseding Indictment and states "collective joinder would confuse the jury." (Doc. 99 at 6). According to Defendant, "[t]he 'schemes underlying these counts involve distinct conduct and evidence carrying little temporal overlap" and "the schemes underlying Counts V-X and XI-XIII require factual investigation and analysis by counsel and would necessitate additional time to prepare for trial." (*Id.* at 6-7). Defendant requests severance pursuant to Rule 14 to "alleviate prejudice from the late joinder of separate and factually distinct fraud schemes." (*Id.* at 7).

Defendant's generic, nonspecific arguments regarding severance under Rule 14(a) are insufficient to demonstrate "clear and substantial prejudice." Defendant's conclusory statement regarding jury confusion can be claimed with respect to any case in which a defendant is charged with multiple offenses. *See Reicherter*, 647 F.2d at 400 ("Mere allegations of prejudice are not enough[.]"). If the Court permitted severance on the strength of Defendant's argument that "collective joinder would confuse the jury to Maj. Hartley's extreme prejudice," it would nullify the purposes of Rules 8 and 14 to promote

13

judicial economy and efficiency and to avoid multiplicity of trials. *See Bruton*, 391 U.S. at 131 n.6. Here, not only does a transactional nexus exist between the charged offenses, but the charges against Defendant do not involve "overly technical or scientific issues" nor do they present complex issues that may confuse a jury. Instead, the alleged offenses – theft of government funds, false statements, wire fraud, and mail fraud – and the evidence in support thereof, can be described as "relatively short and simple." *United States v. Rich*, 326 F.Supp.2d 670, 679-680 (E.D. Pa. 2004) ("Because the evidence as to each of the offenses was relatively short and simple, there was no prejudice from joining the separate offenses. *See United States v. Lotsch,* 102 F.2d 35, 36 (2d Cir. 1939) (L. Hand, J.) (holding that where evidence as to each of three counts was 'short and simple' and 'there was no reasonable ground for thinking that the jury could not keep separate what was relevant to each[,]' joinder was proper).").

The "extreme prejudice" feared by Defendant can be cured through limiting instructions. *See e.g., United States v. Riley,* 621 F.3d 312, 335 (3d Cir. 2010) (finding that where Defendant "merely assert[ed] that the jury was unable to compartmentalize the evidence" and did not pinpoint any specific instance of substantial prejudice resulting in an unfair trial, and where District Court gave a strict limiting instruction, there was "persuasive evidence" that the Court's refusal to sever did not prejudice the defendant and there was no "serious risk" of "compromising a specific trial right."); *see also Deshields*, 2021 WL 1401790, at *7 ("Rather, the relevant inquiry is whether the jury will be able to

compartmentalize the evidence on each count by considering each incident separately, and Deshields provides no reason that will not be the case." (citations omitted)); *United States v. Stout,* 499 F.Supp. 598, 601 (E.D. Pa. 1980) ("'Speculation that the trial jury will not follow the instructions of the Court with respect to compartmentalizing the evidence of the (various) counts of the indictment will not justify a severance under [Rule 14]'") (quoting *United States v. Cohen,* 444 F.Supp. 1314, 1317 (E.D. Pa. 1978)); *Zafiro,* 506 U.S. at 540-541 (proper jury instructions can cure a risk of prejudice and "juries are presumed to follow their instructions.").

When multiple charges or sets of charges are joined in a single trial, all evidence relating to one charge or set of charges need not always be admissible in a hypothetical separate trial on the other charge or set of charges. *See Eufrasio,* 935 F.2d at 568 (finding in the context of joinder of defendants and charges that "[p]rejudice should not be found in a joint trial just because all evidence adduced is not germane to all counts against each defendant") (citing *Sandini,* 888 F.2d at 307); *Bean,* 163 F.3d at 1085 ("[W]e are mindful that prejudice generally does not arise from joinder when the evidence of each crime is simple and distinct, even in the absence of cross-admissibility") (citing *United States v. Johnson,* 820 F.2d 1065, 1071 (9th Cir. 1987); *Drew v. United States*, 331 F.2d 85, 91 (D.C. Cir. 1964)). Here, the crimes charged are relatively simple, not involving overly specialized or technical issues, and the evidence is able to be compartmentalized. In these circumstances, careful trial management by the parties and the Court and limiting

instructions presented to the jury will suffice to minimize the risk of prejudice if any evidence is admitted which is not directly relevant to one of the charges.

The Government again emphasizes "evidence relating to one set of charges would be admissible in a trial regarding another set of charges" and argues that the "significant 'cross-admissibility' of evidence weighs heavily against severance." (Doc. 106 at 18-19). The Court is mindful of the challenges of considering admissibility of evidence in advance of trial and undertakes an admissibility analysis only for the purpose of considering the risk of clear and substantial prejudice to Defendant if a single trial on both counts is held.[2] In considering admissibility herein, Federal Rules of Evidence 402, 403, and 404 are of critical importance. Fed. R. Evid. 402 (relevant evidence admissible; irrelevant evidence not admissible); Fed. R. Evid. 403 (relevant evidence can be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice"); Fed. Evid. 404(a) (evidence of person's character or character trait not admissible to prove person acted in accordance with that character or trait on particular occasion); Fed. R. Evid. 404(b) (evidence of crimes, wrongs, or other acts not admissible as character propensity evidence but "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident").

---

[2] As previously noted, the Court's statements in this Memorandum Opinion on issues of admissibility should not be construed or understood by the parties as a ruling on the admissibility of any evidence which may be presented at trial.

Here, the Court finds that evidence of one alleged fraudulent scheme may be admissible under Rule 404(b) as relevant evidence of Defendant's motive, opportunity, intent, absence of mistake, or the lack of accident when committing another alleged fraudulent scheme. *See, e.g.*, *Gorecki*, 813 F.2d at 43 (evidence relating to drug possession admissible under Rule 404(b) to show motive for not registering a firearm); *Fumo*, 2008 WL 109667, at *3 (evidence of fraud charges admissible under Rule 404(b) to show motive for obstruction of justice charges and "simple allegations that the jury will convict based on criminal propensity are not sufficient for severance"); *United States v. Chagra*, 754 F.2d 1186, 1189 (5th Cir. 1985) (evidence relating to murder charge admissible under Rule 404(b) to show motive and intent to commit obstruction of justice and drug conspiracy crimes to finance escape from prison); *Deshields*, 2021 WL 1401790, at *7 ("Therefore, even if the offenses are severed, there would likely be at least some cross-admissibility of evidence . . . [and] [t]his cross admissibility of Rule 404(b) evidence further militates against finding prejudice." (quotation omitted)).

Nonetheless, the Court recognizes that evidence that is relevant pursuant to Rule 404(b) is still subject to the general strictures limiting admissibility under other federal rules of evidence, including Rule 403. *See Huddleston v. United States*, 485 U.S. 681, 687-688 (1988) (if evidence is offered for "a proper purpose [under Rule 404(b)], the evidence is subject only to general strictures limiting admissibility such as Rules 402 and 403"); *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001) (setting forth the four-prong test governing

admissibility of evidence pursuant to Rule 404(b), including that a Court weigh "the probative value of the evidence against its prejudicial effect under Rule 403"). In this case, a balancing of the factual assertions presently before the Court leads to a conclusion that it is likely that the probative value of the evidence of one alleged fraudulent scheme, when offered in the same trial as the other two fraudulent schemes charged in the Superseding Indictment, is not substantially outweighed by a danger of unfair prejudice or confusing the issues. Thus, in weighing the relevance and probative value of the evidence underlying each charge against the prejudice to Defendant that might result from its admission, the Court concludes that the evidence may be admissible under Rule 403 for certain purposes and any prejudice can be significantly reduced by specific instructions to the jury as to the limited purpose for which it can consider such evidence.

For the foregoing reasons, Defendant's Motion to Sever (Doc. 98) will be denied.

### III. CONCLUSION

Based on the above analysis, the Court will deny Defendant's Motion to Sever Counts I-IV, V-X and XI-XIII (Doc. 98). A separate Order follows.

Robert D. Mariani
United States District Judge