## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **NO.  3:20-CR-269** |
| **v.** | : | |
| | : | **JUDGE ROBERT D. MARIANI** |
| **THOMAS HARTLEY** | : | |
| | : | **ELECTRONICALLY FILED** |

## MOTION TO AUTHORIZE SUBPOENAS *DUCES TECUM*

Defendant Thomas Hartley ("Mr. Hartley"), by and through his undersigned counsel, respectfully moves this Honorable Court to authorize subpoenas *duces tecum*.  In support of this Motion, Mr. Hartley states the following:

1.     On October 20, 2020, the Government filed an Indictment charging Mr. Hartley with five counts, 8 U.S.C. § 641 – Theft of Government Funds; 18 U.S.C. § 287 – False, Fictitious and Fraudulent Claims; and three (3) counts of 18 U.S.C. § 1001(a)(3) – False Statements.  (ECF 11.)

2.     The Court Ordered Mr. Hartley to file pretrial motions on or before May 31, 2021.  (ECF 35.)

3.     Mr. Hartley filed several pretrial motions, which the Court has ruled on, including a Motion for Change of Venue.  (*See* ECF 41.)

4.     The Motion for Change of Venue was granted in part and denied in part.  (ECF 76.)  Count 2 of the Indictment, 18 U.S.C. § 287 – False, Fictitious and Fraudulent Claims, was transferred to the United States District Court for the District of New Jersey.  *Id.*

5.     The Court Ordered the Parties to file motions *in limine* on or before March 14, 2022, scheduled a pretrial conference for April 6, 2022, and scheduled jury selection and trial for April 11, 2022.  (ECF 79.)

6.     On March 29, 2022, the Government filed a Superseding Indictment.  (ECF 90.)  The Superseding Indictment added 9 additional counts as well as a forfeiture allegation.  *Id.*  The additional counts related to unemployment compensation wages received by Mr. Hartley and withdrawals from his Thrift Savings Plan.  *Id.*

7.     Mr. Hartley was arraigned on April 1, 2022, entered a plea of not guilty to the Superseding Indictment, and was released on his own recognizance.  (*See* ECF 100.)

8.     In order to effectively defend against these charges, Mr. Hartley seeks to exercise his right "to have compulsory process for having witnesses in his favor" pursuant to the Sixth Amendment to the United States Constitution, Fed. R. Crim. P. 17(c), and *United States v. Burr*, 25 F. Cas. 187, 191 (1807).

2

9.      Rule 17(c) of the Federal Rules of Criminal Procedure fulfills the

Constitutional mandate of the Seventh Amendment as follows:

> A subpoena may order the witness to produce any
> books, papers, documents, data or other objects the
> subpoena designates. The court may direct the
> witness to produce the designated items in court
> before trial or before they are to be offered into
> evidence. When the items arrive, the court may
> permit the parties and their attorneys to inspect all
> or part of them.

10.     The United States Supreme Court in *United Sates v. Nixon*, 418 U.S.

683, 700 (1974) established a three-part test for determining whether a subpoena

should be authorized: (1) relevancy; (2) admissibility; and (3) specificity.

11.     In this Motion, Mr. Hartley requests that subpoenas be authorized to

(1) the Pennsylvania Office of Unemployment Compensation; (2) the United States

Department of Labor; and (3) the United States Office of Personnel Management.

12.     These records sought by Thomas Hartley are critical to the defense of

the case and meet the test outlined in *Nixon*.  First, the documents sought are

relevant to this matter because (1) they relate to the wages Mr. Hartley received

and requested from the Pennsylvania Office of Unemployment Compensation; (2)

they relate to the status of Mr. Hartley's employment with the Department of

Labor during the relevant periods of time; and (3) they relate to communications

3

between Mr. Hartley and the Office of Personnel Management regarding requests for withdrawals from his Thrift Savings Plan.  Second, all of the records and information contained in reports are admissible as business records, Fed. R. Evid. 803(6) and/or as statements by agents, Fed. R. Evid. 801(d)(2)(D).

13.     Assistant U.S. Attorney Robert O'Hara on behalf of the United States does not oppose the instant Motion.

14.     Pursuant to Local Rule 7.5, no supporting brief is required because the reasons for the requested continuance are fully stated in the Motion and the Government does not oppose the relief requested.

WHEREFORE, Defendant Thomas Hartley respectfully requests this Court grant the Motion to Authorize Subpoenas *Duces Tecum* directed to (1) the Pennsylvania Office of Unemployment Compensation; (2) the United States Department of Labor; and (3) the United States Office of Personnel Management. for the pre-trial production of all the above requested records.

Respectfully submitted,


/s/ Patrick A. Casey
Patrick A. Casey
Suzanne P. Conaboy

Myers, Brier & Kelly, LLP       Attorneys for Defendant,
425 Biden Street, Suite 200      Thomas Hartley
Scranton, PA  18503
570-342-6100


Date: April 8, 2022

5

## **CERTIFICATE OF CONCURRENCE**

I, Patrick A. Casey, hereby certify that I sought the concurrence of Assistant

U.S. Attorney Robert O'Hara in this Motion.  Mr. O'Hara does not oppose this

Motion.


/s/ Patrick A. Casey
Patrick A. Casey


Date:  April 8, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, Patrick A. Casey, hereby certify that a true and correct copy of the foregoing Motion to Authorize Subpoena duces tecum was served upon the following counsel of record via the Court's ECF system on this 8th day of April, 2022:

> Michelle L. Olshefski, Esquire
> Robert O'Hara, Esquire
> U.S. Attorney's Office
> P.O. Box 309
> 235 North Washington Avenue
> Scranton, PA 18501

/s/ Patrick A. Casey
Patrick A. Casey